IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ALTONY BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-00739-DCN-MHC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SCOTT ALLAN ZORN, *St. Stephen Police*, | ) | |
| and JOHN DOE, *in his individual capacity*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 96, on resolution of two motions, ECF Nos. 81; 91. Namely, the magistrate judge recommended that the court deny plaintiff Altony Brooks's ("Brooks") motion for preliminary injunction and restraining order, ECF No. 81, deny any requested injunctive relief set forth in Brooks's motion for miscellaneous relief, and deny his request to supplement his complaint in that same motion, ECF No. 91. R&R. For the reasons set forth below, the court adopts the R&R in full and denies the motions. The court thereafter considers Brooks's motion to set aside this court's order resolving two motions to dismiss, ECF No. 64. ECF No. 93. For the reasons set forth below, the court denies that motion.

## I. BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts

1

as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.[1]

This dispute arises from a March 3, 2020 traffic stop. Brooks alleges that defendant Scott Allan Zorn ("Officer Zorn"), an officer with the St. Stephen Police Department ("SSPD"), pulled Brooks over for a traffic stop and demanded he get out of the car and on the ground. A contentious discussion ensued, and the parties disagree over what exactly happened during the discussion. Officer Zorn alleges that Brooks failed to comply with his directives, whereas Brooks alleges that he was concerned about his own safety such that he was trying to comply in ways that ensured his survival through the encounter. Ultimately, Officer Zorn attempted to use his taser to get Brooks to comply. However, the taser prongs stuck in Brooks's jacket, and Brooks simply pulled them out. Brooks then fled to a nearby wooded area and eventually returned to his vehicle. Thereafter, Officer Zorn engaged his blue lights and followed Brooks home from the traffic stop. Before returning home, Brooks alleges that he first drove toward the SSPD precinct to speak to the mayor. However, when he did not see the mayor's car, Brooks drove home.

Upon arriving at home, Brooks went into the house and informed his father that the police had followed him home and were outside harassing him. Around the time that Brooks ran into his home, Officer Zorn had drawn his service weapon and, presumably, had radioed the Berkeley County Sheriff's Office ("BCSO") for backup. BSCO officers, which included John Doe ("Officer Doe"), arrived at Brooks's home. Officers Doe and

---

[1] The court dispenses with citations throughout and notes that unless the court states otherwise or cites to another source, the facts are gleaned from the complaint, ECF No. 1, and the R&R, ECF No. 96.

Zorn (the "Officers") allegedly told Brooks that they were coming into the house. Brooks told them that they did not have a search warrant, and, in response, the Officers allegedly said they did not need one. Brooks then told them that if they came into his home, Brooks would "defend himself at all means." Compl. ¶ 6. Officer Zorn then allegedly stated he would shoot into the home if Brooks did not come outside. Brooks's father instructed Brooks to go outside. Brooks subsequently exited onto the porch, and BCSO officers grabbed him by the arm and put him in a police cruiser. The BCSO officers thereafter took Brooks to the Hill-Finklea Detention Center, where he stayed for several days.

Brooks, proceeding pro se and in forma pauperis, filed a complaint against BCSO, Officer Doe, SSPD, and Officer Zorn on March 7, 2022. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Cherry. Brooks is currently residing at the Hill-Finklea Detention Center on unrelated charges which occurred in or around May 2023. On June 20, 2023, this court issued an order adopting the magistrate judge's recommendation to grant in part and deny in part defendants BCSO and Officer Doe's motion to dismiss, ECF No. 19, and adopting the recommendation to grant SSPD's motion to dismiss, ECF No. 21. ECF No. 64. Consequently, upon that order, defendants BCSO and SSPD were dismissed from the case. Id. The court also dismissed Brooks's § 1983 claim against Officer Doe in his official capacity. Id. The only remaining claims are those against Officer Zorn and the remaining § 1983 claim against Officer Doe in his individual capacity. Id.

On October 19, 2023, Brooks filed a motion for preliminary injunction and restraining order. ECF No. 81. On October 24, 2023, Officer Doe responded in opposition to that motion, ECF No. 84, and Officer Zorn also responded in opposition on October 31, 2023, ECF No. 86. Brooks filed a single reply to the Officers' briefs on November 9, 2023. ECF No. 92. On November 8, 2023, Brooks filed a motion for miscellaneous relief. ECF No. 91. Officer Doe responded in opposition on November 10, 2023. ECF No. 94. Officer Zorn responded in opposition on November 27, 2023. ECF No. 100. On November 15, 2023, Magistrate Judge Cherry issued a report and recommendation which recommended that the court deny Brooks's motion for a preliminary injunction, deny any requested injunctive relief set forth in the motion for miscellaneous relief, and deny Brooks's request to supplement or amend his complaint included in that same motion. ECF No. 96, R&R. Brooks objected to the R&R on December 12, 2023, ECF No. 106, to which Officer Doe replied on December 14, 2023, ECF No. 107, and to which Officer Zorn replied on December 22, 2023, ECF No. 108.

On November 9, 2023, Brooks filed a motion to set aside this court's order on the motion to dismiss, ECF No. 64. ECF No. 93. Officer Doe responded in opposition to that motion on November 10, 2023, ECF No. 95, and Officer Zorn responded in opposition on November 27, 2023, ECF No. 99. The magistrate judge expressed no opinion on the motion because the request to set aside the order pertained to an order of the district judge. R&R. As such, the motions are fully briefed and ripe for review.

## II.  STANDARD

### A.  Order on R&R

The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  The court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings."  Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted).  Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in a magistrate judge's proposed findings.  Id.

### B. Preliminary Injunction

Federal Rule of Civil Procedure 65 authorizes federal courts to issue temporary restraining orders and preliminary injunctions. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." United States v. South Carolina, 840 F. Supp. 2d 898, 914 (D.S.C. 2011) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)), modified in part, 906 F. Supp. 2d 463 (D.S.C. 2012), aff'd, 720 F.3d 518 (4th Cir. 2013)). A party seeking a preliminary injunction must demonstrate that: (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm, (3) the balance of hardships tips in its favor, and (4) the injunction is in the public interest. Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "To obtain a preliminary injunction under the Winter test, a movant must make a 'clear showing' of [the] four requirements." Alkebulanyahh v. Nettles, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011), aff'd, 454 F. App'x 231 (4th Cir. 2011); see also Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) ("Winter thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.") (internal quotation marks omitted). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

### C. Motion to Reconsider

A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) allows a party to file a motion to alter or

amend a judgment. Fed. R. Civ. P. 59(e). The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). When a motion to reconsider brought pursuant to Rule 59(e) is untimely, courts construe the motion as one filed under Rule 60(b). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); see also J.C. v. Fairfax Cnty. Pub. Schs., 2023 WL 5032784, at *1 n.1 (4th Cir. Aug. 8, 2023) (explaining that plaintiffs' motion was filed more than 28 days after the district court entered its dismissal order, so the motion is properly construed under Fed. R. Civ. P. 60(b)); Wriglesworth v. Esper, 765 F. App'x 6 (4th Cir. 2019) (per curiam) (same). Accordingly, Brooks filed his motion for reconsideration as a Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b) states that,

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**D. Pro Se Litigants**

Plaintiff is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.  DISCUSSION

The court begins by considering the two motions considered by Magistrate Judge Cherry: Brooks's motion for preliminary injunction and his motion for miscellaneous relief.  The court thereafter considers Brooks's motion to reconsider this court's previous order resolving BCSO, Officer Doe, and SSPD's motions to dismiss.

**A. Preliminary Injunction**

In his motion for a preliminary injunction, Brooks claims that he has been unable to retrieve the video discovery responses that defendants have produced in this case during his confinement on unrelated charges in the Hill-Finklea Detention Center.[2]  ECF No. 81 at 1.  Brooks further avers that his father attempted to bring the DVD to prison so that Brooks could review the video, but two BCSO detention officers, Officer Bracewell and Major Fyall, prevented Brooks's father from giving Brooks the video.  Id. at 2.

---

[2] This claim is somewhat contradicted by Brooks's later statement in his objections to the R&R that the detention center allowed him to watch the video only once.  See ECF No. 106 at 9.

Brooks claims that his inability to view that evidence has hampered his prosecution of this case and made him ill-prepared to respond to motions for summary judgment. Id. Brooks filed a motion for preliminary injunction to stop the BSCO detention officers from denying Brooks's father's delivery of the discovery DVD in this case. Id.

The R&R recommended that the court deny the motion for preliminary injunction because the requested relief—an order restraining the actions of BCSO detention center employees who are not parties to this complaint—falls outside the scope of the complaint. R&R at 4–5. The complaint alleges excessive force and false arrest and imprisonment by Officers Zorn and Doe during a March 3, 2020 traffic stop, whereas Brooks now seeks to enjoin non-parties from preventing Brooks from obtaining mail from his father during Brooks's current detention. Id. at 4–6. The magistrate judge specifically recommended that the court deny the motion to the extent Brooks seeks to enjoin persons who are not parties to this lawsuit. Id. at 5. To the extent Brooks seeks to enjoin action by the remaining defendants in this case, that requested relief is not related to the complaint or remaining claims in this case. Id. Additionally, the magistrate judge recommended that the court find that Brooks has not shown that he can satisfy the test articulated in Winter, 555 U.S. at 20. Id. at 6. Consequently, the magistrate judge recommended that the court deny the motion for preliminary injunction.

Initially, the court notes that Brooks's objections are untimely. See ECF No. 107. The magistrate judge entered the R&R on November 15, 2023, and the clerk's office mailed the R&R to Brooks that same day. ECF Nos. 96; 97. The R&R specified that objections to it were due by November 29, 2023, with mailed objections due on December 2, 2023. ECF No. 96. Brooks dates his objections as November 27, 2023.

9

ECF Nos. 106 at 10; 106-1; 106-2.  However, Officers Doe and Zorn rightfully identify

that the envelope shows that Brooks's objections were sent from St. Stephens, South

Carolina on December 4, 2023.  ECF Nos. 106-3; 107; 108.  Brooks is currently detained

in Moncks Corner, South Carolina.  ECF No. 107.  Because Brooks's objections are

untimely, the court need not consider them and "must only satisfy itself that there is no

clear error on the face of the record."  Diamond, 416 F.3d at 315 (internal quotation

marks omitted); Orpiano, 687 F.2d at 47 ("Untimely filing of objections may result in a

waiver of a right to de novo review.").  The court discerns no clear error and will

therefore adopt the R&R.

Even so, the court notes that Brooks's objections do not change its decision to

adopt the R&R.  Thus, while the court need not conduct de novo review, the court

summarizes Brooks's objections and explains why each is unpersuasive in the interest of

completeness.

Brooks first agrees that he is seeking to enjoin non-parties to this dispute when he

requests the court grant injunctive relief against the detention center employees.  ECF

No. 106 at 1.  However, he argues that those employees are agents of formerly named

defendant BCSO and further argues that BCSO is in privity with Officer Zorn.  Id. at 1–2.

As evidence of this privity, Brooks identifies that when Officer Zorn called for backup,

BCSO officers responded.  Id. at 2.  Additionally, Brooks claims that the detention center

officers against whom he seeks injunctive relief worked for BCSO at the time of the

events underlying his complaint.  Id.

 "A court generally 'may not enjoin a non-party to the action before it.'"  Roman

v. Spilman Thomas Battle, PLLC, 2024 WL 646391, at *1 (W.D. Va. Feb. 15, 2024)

(quoting Aevoe Corp. v. AE Tech Co., 727 F.3d 1375, 1384 (Fed. Cir. 2013)); see also

Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 110–12 (1969) (noting that a

court may not issue an injunction against a person over which the court had not acquired

jurisdiction by service of process); United States v. Robinson, 83 F.4th 868, 879 (11th

Cir. 2023) ("As a general matter, a court may not enjoin a non-party that has not appeared

before it to have its rights legally adjudicated.").  The Fourth Circuit has explained that

injunctive relief "can only be granted in an in personam action commenced by one party

against another in accordance with established process.  Consequently, a party cannot

obtain injunctive relief against another without first obtaining in personam jurisdiction

over that person or someone in legal privity with that person." R.M.S. Titanic, Inc. v.

Haver, 171 F.3d 943, 957 (4th Cir. 1999) (citing Fed. R. Civ. P. 65(d))).  "After all, '[t]he

central reason that one who is not a party to the action in which the injunction was issued

cannot be bound by it is that he has not had his day in court with respect to the validity of

the injunction.'" Bone v. Univ. of N.C. Health Care Sys., 2023 WL 4144277, at *33

(M.D.N.C. June 22, 2023).

Rule 65(d)(2) provides that injunctions and restraining orders bind only "the

parties to the action, [their] officers or agents, servants, employees, and attorneys,

and . . . [those] persons in active concert or participation with [them]."  Fed. R. Civ. P.

65(d)(2); see also K.C. ex rel. Afr. H. v. Shipman, 716 F.3d 107, 115–16 (4th Cir. 2013)

(applying Rule 65(d)(2)).  "Active concert or participation" has been interpreted to

include both aiders and abettors of, and privies of, an enjoined party.  See Golden State

Bottling Co., v. N.L.R.B., 414 U.S. 168, 179–80 (1973) (internal citations omitted).  Such

interpretations of "active concert or participation" recognize "that the objectives of an

injunction may be thwarted by the conduct of parties not specifically named in its text."
Rockwell Graphic Sys., Inc. v. DEV Indus., Inc., 91 F.3d 914, 920 (7th Cir. 1996). As
such, the Supreme Court has specified that Rule 65(d) may provide a decree of injunction
that binds not only the named defendant but also those identified with them in interest, in
privity with them, represented by them, or subject to their control. Golden State Bottling
Co., 414 U.S. at 179 (citing Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 14 (1945)).
"Although the concept of privity is sometimes had to pin down, it has generally been
'restricted to persons so identified in interest with those named in the decree that it would
be reasonable to conclude that their rights and interests have been represented and
adjudicated in the original injunction proceeding.'" Bone, 2023 WL 4144277, at *33
n.37 (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 2956 (3d ed. 2013)).

       Though an exception clearly exists which allows a court to issue an injunction
that binds non-parties, such an exception is inapplicable here. Brooks relies on
conclusory and unsubstantiated accusations to establish a privity of interest between the
Officers and these newly named detention center officials. See ECF No. 109 at 2–3. The
detention center employees who are supposedly limiting Brooks's access to his legal mail
have no clear, obvious, or supported connection with the named defendants who
allegedly used excessive force and falsely imprisoned Brooks. See Bone, 2023 WL
4144277, at *33 n.37. An officer's prior employment with the previously dismissed
BCSO does not meaningfully establish privity. See Id. at 3. As such, the court adopts

the magistrate judge's recommendation and denies Brooks's motion for injunctive relief to the extent it is sought against non-parties.[3]

Brooks next contends that his motion for preliminary injunction pertains to the excessive force and false arrest claims he asserts in his complaint. ECF No. 106 at 3. He claims they are related because the denial of the motion would deny Brooks the ability to prosecute the case through affidavits supported by evidence included in the video and USB drive. Id. In essence, Brooks argues that the evidence of the facts underlying this complaint is necessarily related to the claims alleged in the complaint. Id.

It is well settled that, "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)) (internal quotation marks omitted). This is because "[t]he purpose of

---

[3] Brooks cites to In re Baldwin-United Corp., 770 F.2d 328, 339 (2d Cir. 1985), in arguing that the court should broadly construe its authority under the All-Writs Act, ch. 231, §§ 234, 261, 262, 36 Stat. 1156, 1162 (1911) (repealed with current provisions contained in a revised title at 28 U.S.C. § 1651), to allow injunctive relief to be sought against non-parties. ECF No. 109 at 2–3. The All-Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The power to issue writs under the act is limited to situations where the court must act to protect its own jurisdiction. Mountain Valley Pipeline, LLC v. 4.72 Acres of Land, Owned by Vest, 529 F. Supp. 3d 563, 567 (W.D. Va. 2021). Brooks provides no explanation on why he believes the All-Writs Act applies to this case, and the court will not fashion an explanation for him. See ECF No. 109 at 2–3; Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments.").

interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." Id.; see also In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) ("The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."), abrogated on other grounds by eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006). In essence, "claims unrelated to the allegations contained in the complaint cannot serve as the basis for a preliminary injunction." Imagine Medispa, LLC v. Transformations, Inc., 999 F. Supp. 2d 862, 867–68 (S.D. W. Va. 2014) (collecting cases); see also Goss v. Morley, 2020 WL 3086220, at *1 (D.S.C. Feb. 25, 2020), report and recommendation adopted, 2020 WL 3077117 (D.S.C. June 10, 2020).

Consequently, Brooks's arguments miss the mark because the denial of access to evidence in a case is not the same as the excessive force and false imprisonment claimed in the complaint underlying this lawsuit. See ECF No. 109 at 3. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." Nealson v. Blankenship, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (quoting Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (internal quotation marks omitted)). Brooks's motion for a preliminary injunction is based on actions that occurred after the instant lawsuit was filed and concern actions by non-parties to the lawsuit. See ECF No. 109 at 1–3. These allegations are not

clearly related to the conduct described in the complaint and therefore cannot provide the basis for a preliminary injunction in this lawsuit. See Imagine Medispa, LLC, 999 F. Supp. 2d at 867–68.

Finally, Brooks submits arguments as to each of the Winter factors and concludes that they weigh in favor of granting his motion.[4] ECF No. 109 at 3–9. Though Brooks's arguments as to the factors are well-taken, they, nevertheless, do not overcome the clear barriers identified above. See Id. at 1–3. Brooks seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit. Id. Such an extraordinary action is not warranted in this case. As such, the court adopts the magistrate judge's recommendation and denies the motion for preliminary injunction.

**B.  Miscellaneous Relief**

The magistrate judge reviewed Brooks's later-filed "Motion in Affidavit for Injunction for Counsel and to Set Aside Order for Proper Objection and Amendment of Claims." R&R at 6 (quoting ECF No. 91). This motion, in essence, includes three requests: (1) injunctive relief; (2) reconsideration of this court's order resolving

---

[4] For the sake of completeness, the court summarizes Brooks's arguments as to the Winter factors in turn. ECF No. 106 at 3–9. First, he contends that he has shown a likelihood of success on the merits on his excessive force claim. Id. at 3–9 (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Second, he claims that, if the injunction is not granted, he is likely to suffer irreparable harm from "denial of his mail going out, not having copies of his documents to show proof that his documents went out and no proof that he sent the mail due to [a] lack of [a] certified mail system and notarial services." Id. at 9. Brooks further claims he is suffering irreparable harm from not having a date and time to view the video, having only viewed it once so far. Id. Third, Brooks claims the balance of hardships weighs in his favor because the sought injunctive relief would allow both parties a fair opportunity at litigating the issues in this case. Id. Fourth, Brooks argues that the injunction is in the public interest because it is in the public interest to ensure that pretrial detainees are getting fair treatment in litigating their claims. Id.

defendants' motions to dismiss; and (3) amendment of Brooks's complaint. <u>Id.</u> at 6–10.

The magistrate judge recommended that this court deny Brooks's sought injunctive relief

for the same reasons previously detailed. <u>Id.</u> at 7. The magistrate judge also

recommended that this court deny the motion to supplement or amend the complaint

because the sought amendments join new defendants and assert new claims that are

unrelated to those already detailed in the complaint, which would result in prejudice,

expense, and delay. <u>Id.</u> at 8–10. The magistrate judge instructed Brooks that, should he

seek to pursue these unrelated claims, he may file a new civil rights complaint detailing

the allegations and naming the proper defendants. <u>Id.</u> at 10. Finally, the magistrate judge

declined to offer any opinion as to Brooks's requested reconsideration because it, along

with ECF No. 93, is a motion that seeks to set aside an order of the district judge, which

must be decided by the district judge in the first instance. <u>Id.</u> at 7.

 Brooks objects to this recommendation and contends that his claims are related to

the March 2020 arrest because the claims relate to the Town of St. Stephen, the SSPD,

and the BCSO. ECF No. 106 at 10. Brooks claims that the BCSO and Town of St.

Stephen "have every intention to arrest him to thwart liability against one of their

officers." <u>Id.</u> He further argues that an injunction against the newly named defendants

should be granted because they are agents and fellow officers to Officers Zorn and Doe.

<u>Id.</u> As such, he argues that his motion to amend should be granted. <u>Id.</u>

 The court reiterates that Brooks's objections are untimely. <u>See</u> ECF Nos. 96; 97;

106-3. Because Brooks's objections are untimely, the court need not consider them and

"must only satisfy itself that there is no clear error on the face of the record." <u>Diamond,</u>

416 F.3d at 315 (internal quotation marks omitted).  The court discerns no clear error and will therefore adopt the R&R.

The court notes that, even if it were to perform de novo review of Brooks's objections to the R&R's recommendation as to his motion for miscellaneous relief, it would find those objections unpersuasive.  As this court previously noted, this dispute arises from a March 3, 2020 traffic stop.  Brooks seeks to amend or supplement his complaint to add claims of gross negligence, retaliation, illegal search and seizure, and false imprisonment and false arrest against six newly-named defendants.[5]  ECF No. 91 at 8.  A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint.  Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (citing Fed. R. Civ. P. 15(d)).  Brooks's proposed claims are based on occurrences after the time he filed the complaint in this suit, and

_____

[5] One of those defendants is a dog that Brooks identifies as K-9 Dixie.  ECF No. 91 at 8.  Brooks seeks to assert claims of retaliation, illegal search and seizure, and false imprisonment and false arrest claims pursuant to federal law and state law against Dixie. Id.  "[Section] 1983 applies only to a 'person' who acts under color of state law," and though "person" has a broad definition, it does not include dogs, whether or not they act under color of state law."  Dye v. Wargo, 253 F.3d 296, 299–300 (7th Cir. 2001) (observing that holding otherwise creates a host of problems, including whether the dog was served with process, whether she retained a lawyer, what relief is available from a dog, whether a police dog may claim qualified immunity, or whether the court would need to determine if a reasonable dog would have known she was violating the plaintiff's constitutional rights); cf. Miles v. Augusta City Council, 710 F.2d 1542, 1544 n.5 (11th Cir. 1983) (holding that a cat is not a "person" for purposes of the Fourteenth Amendment).  To the extent Brooks seeks to bring a § 1983 civil rights lawsuit against Dixie, the court notes Dixie is a dog, not a person, and therefore she cannot be sued as a "person" under § 1983.  See McDaniel v. Jackson, 2019 WL 7900171, at *12 (D.S.C. Sept. 27, 2019), report and recommendation adopted, 2019 WL 6463788, at *5 (D.S.C. Dec. 2, 2019).  Consequently, as a matter of law, Brooks's § 1983 claims against Dixie would fail.

17

therefore his motion is properly construed as a motion to supplement.  See ECF No. 91 at 8; Fed. R. Civ. P. 15(d).

When filed, a court reviews a Rule 15(d) motion under the same standard as one filed under Rule 15(a), that is, leave should be freely granted in the interests of justice absent a valid reason to deny leave such as "if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'"  U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)); see also Doe v. Marshall Univ. Bd. of Governors, 2023 WL 4618689, at *2 (S.D. W. Va. July 19, 2023).  The Fourth Circuit has also stated that prejudice to the opposing party is the most important factor in the determination.  Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend.").  Here, asserting these new, unrelated claims at this advanced stage of litigation would be unfairly prejudicial to the Officers and would unduly delay this action, making the proposed claims inappropriate under Rule 15.  See, e.g., Collins v. South Carolina, 2019 WL 4195539, at *3 (D.S.C. Aug. 7, 2019) ("Plaintiff's new claim is unrelated to the claims in his original pleading and must be pursued, if at all, in a separate action."), report and recommendation adopted, 2019 WL 4194335 (D.S.C. Sept. 4, 2019), aff'd, 809 F. App'x 176 (4th Cir. 2020).  As such, the court adopts the R&R and denies the motion to supplement the complaint to the extent Brooks requests as much in his motion for miscellaneous relief.  See ECF No. 91; R&R at 8–10.

### C. Motion to Reconsider

"To succeed on a Rule 60(b) motion, 'a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances.'" Al-Sabah v. Agbodjogbe, 2021 WL 5176463, at *1 (4th Cir. Nov. 8, 2021) (quoting Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017)). "Once a party makes this threshold showing, it must demonstrate that it is entitled to relief under one of Rule 60(b)'s six subsections." Id.

"A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). On June 20, 2023, this court entered its order adopting the magistrate judge's recommendation to grant in part and deny in part BCSO and Officer Doe's motion to dismiss, ECF No. 19, and to grant SSPD's motion to dismiss, ECF No. 21. ECF No. 64. One hundred and forty-two days later—on November 9, 2023—Brooks filed a motion to reconsider. ECF No. 93. Consequently, the motion is timely and properly considered brought pursuant to Fed. R. Civ. P. 60(b).

The court next considers whether Brooks has a meritorious defense. The Fourth Circuit has explained "that '[t]he underlying concern' of this prong is 'whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" Justus v. Clarke, 78 F.4th 97, 105 n.6 (4th Cir. 2023) (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)).

Brooks does not have a meritorious claim as it relates to the court's resolution of the two motions to dismiss, ECF Nos. 19; 21, for which the magistrate judge provided a

recommendation, ECF No. 60.  The court fully adopted the report and recommendation which found that Brooks's claims against the BSCO and his claims against Officer Doe in his official capacity were barred by Eleventh Amendment immunity.  <u>See</u> ECF No. 64 (affirming the report and recommendation); ECF No. 60 at 5–9.  Additionally, Brooks's 42 U.S.C. § 1983 claims against BCSO or SSPD were barred because BCSO was entitled to Eleventh Amendment immunity and neither BCSO nor SSPD were "persons" subject to suit within the meaning of § 1983.  ECF No. 60 at 7–9.  Finally, the court dismissed all state law claims brought against SSPD because SSPD is a municipal police department and therefore was not an entity capable of being sued under South Carolina law.  <u>Id.</u> at 9–10.  Rather, the appropriate entity for a suit based on actions by Officer Zorn was the Town of St. Stephen because Officer Zorn was acting individually and under color of state law at the times giving rise to the action alleged.  <u>Id.</u>  Brooks provides no argument or explanation for his position that the court should have decided those motions to dismiss differently.  <u>See generally</u> ECF No. 93.

In short, BCSO and Officer Doe, when sued in his official capacity, are entitled to Eleventh Amendment immunity as a matter of law.  <u>See</u> <u>Gulledge v. Smart</u>, 691 F. Supp. 947 (D.S.C. 1988), <u>aff'd</u>, 878 F.2d 379 (4th Cir. 1989); <u>Cromer v. Brown</u>, 88 F.3d 1315 (4th Cir. 1996).  However, a municipal police department like the SSPD does not qualify for Eleventh Amendment immunity.  <u>See</u> <u>Mickle v. Ahmed</u>, 444 F. Supp. 2d 601, 612 (D.S.C. 2006) (citing <u>Nelson v. Strawn</u>, 897 F. Supp. 252 (D.S.C. 1995), <u>aff'd in part, vacated in part on other grounds</u>, 78 F.3d 579 (4th Cir. 1996)).  Nevertheless, federal courts in this district have determined that municipal police departments are not the proper party defendant under the South Carolina Tort Claims Act ("SCTCA") and

dismissed the departments based upon that finding.  See McCree v. Chester Police Dep't,

2021 WL 3711098, at *3–4 (D.S.C. Aug. 20, 2021).  Consequently, a de novo review of

the law and facts of this case indicates that this court properly dismissed BCSO and

SSPD as parties from the suit and correctly dismissed the claims against Officer Doe in

his official capacity as a matter of law.  Brooks has not demonstrated that he has a

meritorious claim, and the court denies his motion for reconsideration as a matter of law.[6]

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **DENIES** the motion

for preliminary injunction and **DENIES** the motion for miscellaneous relief.  The court

also **DENIES** the motion for reconsideration.

---

[6] Even if the court were to reach Brooks's arguments brought pursuant to Rule 60(b)(3), his motion fails for the same reason: a lack of a meritorious claim or defense. To obtain relief under Rule 60(b)(3) for "misconduct," the basis for the motion at issue here, the moving party must: (1) "have a meritorious [claim or] defense"; (2) demonstrate misconduct by clear and convincing evidence, and (3) show that "the misconduct prevented the moving party from fully presenting its case."  Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).  "After those factors are satisfied, the court must weigh the competing policy considerations regarding (1) the finality of judgments, and (2) justice being done, in the context of all the facts, to determine in the court's discretion whether relief under the Rule is appropriate in a given case."  Morgan v. Tincher, 90 F.4th 172, 177 (4th Cir. 2024) (citing Schultz, 24 F.3d at 630).  Stated in terms of this case, the court is tasked with considering whether Brooks satisfied the factors necessary to obtain relief under Rule 60(b)(3).  Namely, a showing (1) by clear and convincing evidence that BCSO had engaged in misconduct, (2) that Brooks had a meritorious claim, (3) that Brooks was unable to fully present his case, and (4) that the interest of justice outweighed the interest in the finality of judgments.  Morgan, 90 F.4th at 179 (citing Schultz, 24 F.3d at 630).  Brooks does not have a meritorious claim.  Thus, his motion fails as a threshold matter under Rule 60(b), and it fails under the standard articulated for motions brought pursuant to Rule 60(b)(3).

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 11, 2024**

**Charleston, South Carolina**