IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ALTONY BROOKS, ) | |
| ) | |
| Plaintiff, ) | No. 2:22-cv-00739-DCN-MHC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SCOTT ALLAN ZORN, *St. Stephen Police*; ) | |
| and JOHN DOE, *in his individual capacity*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 130, on resolution of three motions, ECF Nos. 72; 73; 110. Namely, the magistrate judge denied plaintiff Altony Brooks's ("Brooks") motion to reopen discovery for purposes of identifying and serving process on defendant John Doe ("Officer Doe"), ECF No. 110,[1] and recommended that the court grant in part and deny in part defendant Scott Allan Zorn's ("Officer Zorn") motion for summary judgment, ECF No. 73, and grant Officer Doe's motion for summary judgment and dismiss him from the case, ECF No. 72. ECF No. 130, R&R. For the reasons set forth below, the court adopts the R&R in full. The court thereafter considers Brooks's motion to set aside this court's prior order, ECF No.114. ECF No. 128. For the reasons set forth below, the court denies that motion.

---

[1] Brooks's motion to reopen discovery is a nondispositive motion. See Fed. R. Civ. P. 72(a) (defining a nondispositive motion as "a pretrial matter not dispositive of a claim or defense of a party"); Legette v. Rollins, 2022 WL 16574339, at *2 (D.S.C. Nov. 1, 2022) ("Generally, discovery motions are nondispositive"). Nondispositive motions may be disposed of by a magistrate judge. Consequently, while the R&R ruled on Brooks's motion to reopen discovery, this court need not review that conclusion.

1

## I. BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.[2]

This dispute arises from a March 3, 2020 traffic stop. Brooks alleges that Officer Zorn, an officer with the St. Stephen Police Department ("SSPD"), pulled Brooks over for a traffic stop and demanded he get out of the car and on the ground. A contentious discussion ensued, and the parties disagree over what exactly happened during the discussion. Officer Zorn alleges that Brooks failed to comply with his directives, whereas Brooks alleges that he was concerned about his own safety such that he was trying to comply in ways that ensured his survival through the encounter. Ultimately, Officer Zorn attempted to use his taser to get Brooks to comply. However, the taser prongs stuck in Brooks's jacket, and Brooks simply pulled them out. Brooks then fled to a nearby wooded area and eventually returned to his vehicle. Thereafter, Officer Zorn engaged his blue lights and followed Brooks home from the traffic stop. Brooks alleges that, before returning home, he first drove toward the SSPD precinct to speak to the mayor. However, when he did not see the mayor's car, Brooks drove home.

Upon arriving at home, Brooks went into the house and informed his father that the police had followed him home and were outside harassing him. Around the time that Brooks ran into his home, Officer Zorn had drawn his service weapon and, apparently,

---

[2] The court dispenses with citations throughout and notes that unless the court states otherwise or cites to another source, the facts are gleaned from the complaint, ECF No. 1, and the R&R, ECF No. 130.

had radioed the Berkeley County Sheriff's Office ("BCSO") for backup. BSCO officers, which included Officer Doe, arrived at Brooks's home. Officers Doe and Zorn (the "Officers") allegedly told Brooks that they were coming into the house. Brooks told them that they did not have a search warrant, and, in response, the Officers allegedly said they did not need one. Brooks then told them that if they came into his home, Brooks would "defend himself at all means." Compl. ¶ 6. Officer Zorn then allegedly stated he would shoot into the home if Brooks did not come outside. Brooks's father instructed Brooks to go outside. Brooks subsequently exited onto the porch, and BCSO officers grabbed him by the arm and put him in a police cruiser. The BCSO officers thereafter took Brooks to the Hill-Finklea Detention Center, where he stayed for several days.

Brooks, proceeding pro se and in forma pauperis, filed a complaint against BCSO, Officer Doe, SSPD, and Officer Zorn on March 7, 2022. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Cherry. Brooks is currently residing at the Hill-Finklea Detention Center on unrelated charges which occurred in or around May 2023. On June 20, 2023, this court issued an order adopting the magistrate judge's recommendation to grant in part and deny in part defendants BCSO and Officer Doe's motion to dismiss, ECF No. 19, and adopting the recommendation to grant SSPD's motion to dismiss, ECF No. 21. ECF No. 64. Consequently, upon that order, defendants BCSO and SSPD were dismissed from the case. Id. The court also dismissed Brooks's § 1983 claim against Officer Doe in his official capacity. Id. The only remaining claims are those against Officer Zorn and the remaining § 1983 claim against Officer Doe in his individual capacity. Id.

3

On September 20, 2023, Officer Doe filed a motion for summary judgment, ECF No. 72, and Officer Zorn also filed a motion for summary judgment, ECF No. 73. On December 5, 2023, Brooks filed a response in opposition to Officer Doe's motion, ECF No. 101, to which Officer Doe replied on December 12, 2023, ECF No. 105. On April 30, 2024, Brooks filed a declaration, ECF No. 117, asserting that he never received a copy of Officer Zorn's motion for summary judgment that had been filed on September 20, 2023. ECF No. 119. The magistrate judge noted that she had twice communicated to Brooks about the pending motions for summary judgment and further indicated that Brooks had discussed his excessive force claim against Office Zorn in his response to Officer Doe's motion. Id. As such, she observed that Brooks had likely already responded to Officer Zorn's motion. Id. Nevertheless, she directed Officer Zorn to re-send the motion for summary judgment to Brooks and she extended the deadline for Brooks's response. Id. On May 9, 2024, Brooks filed a response in opposition to Officer Zorn's motion, ECF No. 123, and filed a second response in opposition to that motion on May 20, 2024, ECF No. 127.

On May 24, 2024, Magistrate Judge Cherry issued a report and recommendation which recommended that the court grant Officer Doe's motion for summary judgment and dismiss Officer Doe from the case. ECF No. 130, R&R. She also recommended that the court grant in part and deny in part Officer Zorn's motion for summary judgment. Id. On June 7, 2024, Brooks objected to the R&R, ECF No. 136, and he filed an amended objection on July 1, 2024, ECF No. 138. The Officers neither objected to the R&R nor responded to Brooks's objections and the time to do so has since expired.

On May 23, 2024, Brooks filed a motion to set aside judgment. ECF No. 128. Responses were due by June 6, 2024, and the court received no responses. As such, the motions are fully briefed and ripe for review.

## II.  STANDARD

### A. Pro Se Litigants

Plaintiff is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings." Greene v. Quest Diagnostics Clinical Lab'ys, Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted). When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in a magistrate judge's proposed findings. Id.

### C. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### D. Motion to Reconsider

A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) allows a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). When a motion to reconsider brought pursuant to Rule 59(e) is untimely, courts construe the motion as one filed under Rule 60(b). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); see also J.C. v. Fairfax Cnty. Pub. Schs., 2023 WL 5032784, at *1 n.1 (4th Cir. Aug. 8, 2023) (explaining that plaintiffs' motion was filed more than 28 days after the district court entered its dismissal order, so the motion is properly construed under Fed. R. Civ. P. 60(b)); Wriglesworth v. Esper, 765 F. App'x 6 (4th Cir. 2019) (per curiam) (same). Accordingly, Brooks filed his motion for reconsideration as a Rule 60(b) motion.

Federal Rule of Civil Procedure 60(b) states that,

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III.   DISCUSSION

The court begins by considering the two dispositive motions considered by Magistrate Judge Cherry: Officer Doe's motion for summary judgment, ECF No. 72, and Officer Zorn's motion for summary judgment, ECF No. 73. The court thereafter considers Brooks's motion to set aside final judgment. ECF No. 128.

**A. Motions for Summary Judgment**

Brooks does not object to the R&R's recommendation to grant summary judgment as to Officer Doe. See generally ECF No. 138. In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond, 416 F.3d at 315. A review of the record for clear error indicates that the R&R accurately summarized this case and the applicable law. Accordingly, the court adopts the magistrate judge's R&R as to Officer Doe, grants Officer Doe's motion for summary judgment, and dismisses him from the case.

The magistrate judge recommended that the court grant summary judgment as to Brooks's § 1983 claim for false arrest/imprisonment and his state law claims for false arrest and abuse of power he brings against Officer Zorn. R&R at 15, 27–32. The magistrate judge also recommended that the court deny summary judgment as to

Brooks's § 1983 claim for excessive force and Brooks's state law claim for assault and battery that he brings against Officer Zorn. R&R at 15, 19–27, 30–31.

Initially, the court notes that neither party objects to the R&R's recommendation to grant summary judgment as to Brooks's abuse of power claim brought against Officer Zorn and neither party objects to the R&R's recommendation to deny summary judgment as to Brooks's § 1983 excessive force claim and his state law assault and battery claim brought against Officer Zorn. See generally ECF No. 138. In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond, 416 F.3d at 315. A review of the record for clear error indicates that the R&R accurately summarized this case and the applicable law. Accordingly, the court adopts the magistrate judge's R&R and dismisses Brooks's abuse of power claim and denies summary judgment as to Brooks's § 1983 excessive force claim and his state law assault and battery claim against Officer Zorn.

Brooks objects, however, to the magistrate judge's recommendation that the court grant in part Officer Zorn's motion for summary judgment on other causes of action. See generally ECF No. 138. Brooks has two objections to the R&R. Id. at 1. Generously construed, Brooks's first objection is that the magistrate judge erred by using the same analysis of Brooks's state law claim for false arrest that she used for his § 1983 claim for false arrest/imprisonment. Id. The court liberally construes this objection to argue that the R&R applied the improper legal standard to the analysis of Brooks's state law claim for false arrest. See Gordon, 574 F.2d at 1151.

Brooks's second objection is that the R&R improperly concluded that Officer Zorn had probable cause to arrest Brooks after he fled the traffic stop, such that the

9

recommendation incorrectly recommended that the court grant summary judgment as to Brooks's § 1983 false arrest/imprisonment claim. See ECF No. 138 at 2–4. Specifically, Brooks suggests that the R&R's conclusion is an "oxymoron" in that, on the one hand, it concluded that there was a genuine dispute of material fact as to Officer Zorn's use of excessive force but, on the other hand, it concluded that there was not a genuine dispute of material fact as to false imprisonment. Id. at 3. Brooks argues this conclusion was erroneous because a person "has a right to resist an unlawful arrest." Id. at 2. Thus, once Officer Zorn attempted to taze him, Brooks argues that his subsequent alleged violations of South Carolina law—namely, fleeing from the traffic stop, refusal to stop for blue lights, and apparent resisting arrest—should be considered as pursuant to his right to resist an unlawful arrest such that Officer Zorn purportedly did not have probable cause to subsequently arrest Brooks. See id. at 4. Brooks argues that, under South Carolina law, the issue of probable cause is a question of fact ordinarily reserved for the jury. Id. at 3.

Thus, the court reviews de novo the magistrate judge's recommendations and the parties' arguments as to Brooks's § 1983 false arrest and false imprisonment claims as well as his state law claims of false arrest. See R&R at 15, 27–30.

### 1. 42 U.S.C. § 1983: False Arrest/False Imprisonment

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Here, Brooks argues that Officer Zorn falsely imprisoned him during the traffic stop because the duration of the stop was not reasonable, and he further argues that Officer Zorn falsely arrested him after Brooks fled the scene.

Section 1983 actions premised on false arrest are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment.  See, e.g., Brown v. Gilmore, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").  The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures."  U.S. Const. amend. IV.  Whether an arrest was reasonable is generally determined by whether the arresting officer had probable cause.  See Michigan v. Summers, 452 U.S. 692, 700 (1981) ("[E]very arrest, and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause."); District of Columbia v. Wesby, 583 U.S. 48, 56 (2018) ("A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence.").  Thus, "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause."  Street v. Surdyka, 492 F.2d 368, 372–73 (4th Cir. 1974); see also Brown, 278 F.3d at 367 (same); Harrison v. Deane, 426 F. App'x 175, 181 (4th

Cir. 2011) (same); Sowers v. City of Charlotte, 659 F. App'x 738, 739 (4th Cir. 2016) (same); Henderson v. McClain, 2022 WL 704353, at *4 (4th Cir. Mar. 9, 2022) (same).

Probable cause exists if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). Probable cause "deals with probabilities and depends on the totality of the circumstances." Maryland v. Pringle, 540 U.S. 366, 371 (2003). The United States Supreme Court has stressed that "[p]robable cause 'is not a high bar.'" Wesby, 583 U.S. at 57 (quoting Kaley v. United States, 571 U.S. 320, 338 (2014)). "To prove an absence of probable cause, [the plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" that the plaintiff had violated the relevant statute. Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002).

Brooks's Fourth Amendment false imprisonment/false arrest claims stem from the initial traffic stop and from Brooks's subsequent arrest after fleeing from that stop. First, Officer Zorn was justified in initiating the traffic stop because there was probable cause that Brooks had committed a traffic violation. It is undisputed that Brooks was driving a vehicle that did not have a license plate displayed.[3] This constitutes a violation of state

---

[3] The court echoes the magistrate judge's recommendation in observing that while South Carolina treats probable cause as a question of fact that must ordinarily go to the jury, see, e.g., Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990), probable cause can "be decided as a matter of law when the evidence yields but one conclusion," Law v. S.C. Dep't of Corr., 629 S.E.2d 642, 649 (S.C. 2006). Neither party disputes that Brooks violated three state laws. See S.C. Code Ann. §§ 56-3-1240 (driving vehicle with no license plate displayed), 56-5-750 (failure to stop when signaled by law enforcement

law. S.C. Code Ann. § 56-3-1240 ("It is unlawful to operate or drive a motor vehicle with the license plate missing"). Officer Zorn personally observed this violation, meaning that he had probable cause to initiate the traffic stop for this violation. See Gray, 137 F.3d at 769.

Second, there is no genuine issue of material fact that Officer Zorn had sufficiently reasonable information to believe that Brooks was committing an offense when he ultimately arrested Brooks. See Gray, 137 F.3d at 769. It is undisputed that after fleeing from the location of the traffic stop, Brooks failed to yield for Officer Zorn's blue lights and continued traveling down the road without pulling over for approximately one and a half miles. A motorist's failure to stop as directed for law enforcement is a violation of state law. See S.C. Code Ann. § 56-5-750 (establishing the criminal offense of failing to stop when signaled by a law enforcement vehicle by means of a siren or flashing light). It is further undisputed that when Brooks did finally pull over, he stopped at his father's house and ran inside of it. While inside of the house, Brooks refused Officer Zorn's and the two other officers' commands to exit the house because Brooks was under arrest. Resisting arrest is also a violation of state law. See S.C. Code Ann. § 16-9-320(A) (establishing the criminal offense of resisting arrest). Officer Zorn personally witnessed Brooks's violation of two state laws and therefore had probable cause to arrest Brooks. See Gray, 137 F.3d at 769.

---

vehicle when signaled by siren or flashing lights), 16-9-320(A) (resisting arrest). The first violation established probable cause for the traffic stop and the subsequent two violations each established probable cause for the arrest. Brooks has neither identified nor provided any evidence which undermines this finding.

13

In his objections, Brooks does not challenge the R&R's conclusions as to probable cause but emphasizes that a person has the right to resist and unlawful arrest. ECF No. 138 at 2–4. Brooks is correct that under South Carolina law, "[a] person has a right to resist an unlawful arrest even to the extent of taking the life of the aggressor if it be necessary in order to regain his liberty." State v. Poinsett, 157 S.E.2d 570, 571 (S.C. 1967). South Carolina law also holds that "when an officer holds a valid warrant for the arrest of a person, and when it is being served in accordance with law, it is the duty of the person whose arrest is sought to submit peaceably." See id. Additionally, "an officer may arrest for a misdemeanor without a warrant when the facts or circumstances observed by him provide probable cause to believe a crime has been freshly committed." State v. Grate, 423 S.E.2d 119, 120 (S.C. 1992). Taken together, the court must conclude that even though there is a right to resist an unlawful arrest under South Carolina law, when such an arrest is undertaken with probable cause for that arrest, the arrest is not unlawful, and the arrestee should submit peaceably. See Poinsette, 157 S.E.2d at 571; Grate, 423 S.E.2d at 120.

The court agrees with the magistrate judge and concludes that because both the traffic stop and the subsequent arrest were supported by probable cause, there is no genuine issue of material fact that Brooks has not established a § 1983 claim for false arrest or false imprisonment.

2. **State Law: False Arrest**

False arrest in South Carolina is also known as false imprisonment. Carter v. Bryant, 838 S.E.2d 523, 527 (S.C. Ct. App. 2020). The elements of the tort are intentional restraint of another without lawful justification. See Jones v. City of

Columbia, 389 S.E.2d 662, 663 (S.C. 1990); see also Zimbelman v. Savage, 745 F. Supp. 2d 664, 683 (D.S.C. 2010) ("To establish a cause of action for false imprisonment, the Plaintiff must prove that: (1) the Defendant restrained the Plaintiff; (2) that the restraint was intentional; and (3) that the restraint was unlawful").

It is well established that one arrested pursuant to a facially valid warrant has no cause of action for false arrest. Bushardt v. United Inv. Co., 113 S.E. 637, 639 (S.C. 1922); see also Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) ("[W]e recognized implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained") (applying South Carolina law). If a plaintiff suing for false arrest "has shown that the arrest and imprisonment of which he complains was made under legal process, regular in form, and lawfully issued and executed, then he has proved himself out of court." McConnell v. Kennedy, 7 S.E. 76, 78 (S.C. 1888). To reiterate, "an officer may arrest for a misdemeanor without a warrant when the facts or circumstances observed by him provide probable cause to believe a crime has been freshly committed." Grate, 423 S.E.2d at 120. "Probable cause is not an exacting standard. It only requires evidence that would cause 'an ordinarily prudent and cautious person' to have a good faith belief that the arrestee is guilty of a crime." Seabrook v. Town of Mount Pleasant, 853 S.E.2d 508, 511 (S.C. Ct. App. 2020) (quoting Wortman v. Spartanburg, 425 S.E.2d 18, 20 (S.C. 1992)).

Brooks objects to the R&R for using the same analysis in its review of the state law claim of false arrest as it did for its analysis of the § 1983 false arrest/false imprisonment. ECF No. 138 at 1. However, a de novo review prompts the court to conclude that such an analysis would be redundant because of the substantial overlap

15

between the federal and state law claims. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181–84 (4th Cir. 1996) (considering a violation of the plaintiff's Fourth Amendment rights because his arrest was not supported by probable cause and the authorities continued his prosecution after it was apparent he was innocent by incorporating the elements of the analogous common law torts under state law); see also Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000) ("By incorporating the common law into our § 1983 analysis, we follow a consistent line of authority which has looked to common law torts bearing similarity to the constitutional rights at issue and incorporated into those claims common law elements of damages, prerequisites for recovery, and immunities"). Relevant here, where probable cause existed for the federal claim, it also existed for the state law claim, and the existence of probable cause for the arrest negates the state false arrest causes of action because the restraint was lawful. See Jones, 389 S.E.2d at 663. Thus, the magistrate judge did not err when her report and recommendation included substantial overlap in its analysis of the § 1983 Fourth Amendment false arrest claim and the false arrest claim brought pursuant to South Carolina state law.

In sum, a de novo review of Brooks's objections to the R&R leads the court to adopt the recommendation in full. The court grants in part and denies in part Officer Zorn's motion for summary judgment and grants Officer Doe's motion for summary judgment and dismisses him as a defendant.

### B. Motion to Set Aside Final Judgment

"To succeed on a Rule 60(b) motion, 'a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances.'" Al-Sabah v. Agbodjogbe, 2021 WL 5176463, at *1 (4th

Cir. Nov. 8, 2021) (quoting Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017)). "Once a party makes this threshold showing, it must demonstrate that it is entitled to relief under one of Rule 60(b)'s six subsections." Id.

"A motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). On June 20, 2023, this court entered its order adopting the magistrate judge's recommendation to grant in part and deny in part BCSO and Officer Doe's motion to dismiss, ECF No. 19, and to grant SSPD's motion to dismiss, ECF No. 21. ECF No. 64. One hundred and forty-two (142) days later—on November 9, 2023—Brooks filed a motion to reconsider. ECF No. 93. On April 11, 2024, the court denied Brooks's first motion to reconsider the motions to dismiss.[4] ECF No. 114.

Brooks now files a motion, which he captions as a motion to set aside final judgment. ECF No. 128. He describes this motion as a motion to reconsider the court's order resolving his first motion to reconsider, ECF No. 114, but the substance of his motion operates as a second motion to reconsider the court's resolution of the motions to

---

[4] Specifically, the court found that BCSO and Officer Doe, when sued in his official capacity, are entitled to Eleventh Amendment immunity as a matter of law. See Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), aff'd, 878 F.2d 379 (4th Cir. 1989); Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996). However, the court noted that a municipal police department like the SSPD does not qualify for Eleventh Amendment immunity. See Mickle v. Ahmed, 444 F. Supp. 2d 601, 612 (D.S.C. 2006) (citing Nelson v. Strawn, 897 F. Supp. 252 (D.S.C. 1995), aff'd in part, vacated in part on other grounds, 78 F.3d 579 (4th Cir. 1996)). Nevertheless, federal courts in this district have determined that municipal police departments are not the proper party defendant under the South Carolina Tort Claims Act ("SCTCA") and dismissed the departments based upon that finding. See McCree v. Chester Police Dep't, 2021 WL 3711098, at *3–4 (D.S.C. Aug. 20, 2021). Consequently, this court properly dismissed BCSO and SSPD as parties from the suit and correctly dismissed the claims against Officer Doe in his official capacity as a matter of law. Brooks had not demonstrated that he has a meritorious claim, and the court denied his motion for reconsideration as a matter of law.

dismiss, ECF No. 64, because he challenges the court's dismissal of the SSPD. See generally ECF No. 128. The court therefore interprets this motion as a second motion to reconsider.

Brooks's second motion to reconsider is timely because he filed it less than a year after the court granted SSPD's motion to dismiss, ECF No. 64, and after the court reconsidered its order the first time, ECF No. 114.[5] See Fed. R. Civ. P. 60(c)(1). However, Brooks's motion fails at the second requirement of a meritorious defense because the court finds Brooks's motion to be without merit. See Al-Sabah, 2021 WL 5176463, at *1.

Brooks misreads this court's previous order when he interprets it to say that SSPD is entitled to Eleventh Amendment immunity. Compare ECF No. 128 (arguing that the court erred dismissing SSPD because it was entitled to Eleventh Amendment immunity) with ECF No. 114 at 20–21 (finding that a municipal police department like SSPD does not qualify for Eleventh Amendment immunity but nonetheless dismissing SSPD because a municipal police department is not the proper party defendant under the South Carolina Tort Claims Act ("SCTCA")). Indeed, the caselaw that this court cited specifically explains that while a municipality may be sued pursuant to § 1983, the proper party defendant is the city or municipality and not the municipal police department. See McCree v. Chester Police Dep't, 2021 WL 3711098, at *3 (D.S.C. Aug. 20, 2021). As

---

[5] On June 20, 2023, the court granted the motion to dismiss, ECF No. 64, and the court denied Brooks's motion for reconsideration of that order on April 11, 2024, ECF No. 114. On May 23, 2024, Brooks filed this second motion to reconsider, which is respectively three hundred and thirty-eight (338) days after the court's first order and forty-two (42) days after the court's order denying Brooks's first motion for reconsideration. ECF No. 128.

such, a de novo review of the facts and law in this case indicates that the court properly reached its initial and reconsidered conclusions that dismissal of the SSPD was proper. See ECF Nos. 64; 114. The court concludes that Brooks has not demonstrated that he has a meritorious claim, and the court denies his motion for reconsideration as a matter of law.

### IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R in full, **GRANTS** Officer Doe's motion for summary judgment, **GRANTS IN PART** and **DENIES IN PART** Officer Zorn's motion for summary judgment, and **DENIES** Brooks's motion for reconsideration.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 29, 2024**
**Charleston, South Carolina**