IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ALTONY BROOKS, ) | |
| ) | |
| Plaintiff, ) | No. 2:22-cv-00739-DCN-MHC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SCOTT ALLAN ZORN, *St. Stephen Police*; ) | |
| and JOHN DOE, *in his individual capacity*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The following matter is before the court of plaintiff Altony Brooks's ("Brooks") motion to alter or amend judgment, ECF No. 143. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

The material facts of this case are stated in this court's August 29, 2024 order (the "August 2024 Order"). See ECF No. 140 at 2–4. The August 2024 Order adopted in full Magistrate Judge Molly Cherry's Report and Recommendation ("R&R"), ECF No. 130. Id. at 1. The R&R resolved three motions: ECF Nos. 72; 73; 110. See ECF No. 130. Magistrate Judge Cherry recommended that that the court grant defendant John Doe's ("Officer Doe") motion for summary judgment, ECF No. 72, and grant in part and deny in part defendant Scott Allan Zorn's ("Officer Zorn") motion for summary judgment, ECF No. 73, and denied Brooks's motion to reopen discovery, ECF No. 110. Id. at 12. The August 2024 Order also denied Brooks's motion to set aside the court's prior order, ECF No. 114, in which the court denied Brooks's prior motions for preliminary injunction and miscellaneous relief. ECF No. 140 at 16–19.

1

On September 30, 2024, Brooks filed his motion to alter or amend the August 2024 Order.[1]  ECF No. 143.  On October 7, 2024, Officer Doe and Officer Zorn each responded in opposition.  ECF Nos. 144; 145.  As such, the motion is fully briefed and ripe for the court's review.

## II.   STANDARD

### A.  Pro Se Litigants

Brooks is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.  Motions to Alter or Amend

Rule 59 of the Federal Rules of Civil Procedure allows a party to petition the court to alter or amend a previous judgment.  Fed. R. Civ. P. 59(e).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be

---

[1] Brooks's motion is listed in the filing index as "Objections to Order on Motion to Set Aside."  See ECF No. 143.  Pursuant to Federal Rule of Civil Procedure 72, a party may file objections only to a magistrate judge's report and recommendation.  See Fed. R. Civ. P. 72(b)(2)–(3). Objections may not be filed against a district court's final order— including an order in which the district court adopts a magistrate judge's report and recommendation.  See id.  However, Brooks also explicitly states that he is moving to alter or amend the August 2024 Order.  Thus, the court construes Brooks's motion as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).

used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The Fourth Circuit recognizes three limited circumstances in which a district court may grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co., 148 F.3d at 403 (citations omitted). Importantly, Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation omitted).

However, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, or a vehicle for presenting theories or arguments that could have been advanced earlier." McMillian v. District of Columbia, 233 F.R.D. 179, 181 (D.D.C. 2005) (citations omitted). It is improper to use such a motion to ask the court to "rethink what the [c]ourt had already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "[M]ere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, such a motion is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### III.   DISCUSSION

Brooks moves to alter or amend the August 2024 Order. ECF No. 143. Throughout the motion, Brooks identifies sections of the August 2024 Order to which he objects. See id. The court construes each "objection" as pointing to a portion of the August 2024 Order that Brooks seeks to alter or amend.

3

As a threshold matter, Brooks's motion does not identify any controlling law or new evidence as a requisite basis to alter or amend the August 2024 Order under Rule 59(e). See Pac. Ins. Co., 148 F.3d at 403. In the motion, Brooks states that he seeks to alter or amend the August 2024 Order "with additional facts." ECF No. 143 at 1. However, a Rule 59(e) motion may not be used to dispute facts within the August 2024 Order. See McMillian, 233 F.R.D. at 181. Brooks also asserts disagreements with the facts recited in the R&R, Magistrate Judge Cherry's denial of the motion to reopen discovery, and the procedural history explained in the August 2024 Order. See ECF No. 143 at 1–2, 4, 5. While Brooks may disagree with the R&R and the August 2024 Order, mere disagreement is insufficient to support a Rule 59(e) motion. Hutchinson, 994 F.2d at 1082.

The court finds that Brooks also fails to establish the third ground for relief under Rule 59(e), to "correct a clear error of law or prevent manifest injustice." See Pac. Ins. Co., 148 F.3d at 403. The Fourth Circuit has held that "[a] prior decision does not qualify for th[e] third [limited Rule 59 circumstance] by being 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 65 F.3d 166, 1995 WL 520978, at *5 n.6 (4th Cir. Sept. 5, 1995) (unpublished table decision)). In other words, the decision "must be 'dead wrong.'" Id. (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)).

Brooks argues that the court "refused to consider [Brooks's] objections" in the August 2024 Order. ECF No. 143 at 1–2. He requests that the court "include his [objections]" regarding the motions to reopen discovery and summary judgment. Id. Construed liberally, the essence of Brooks's motion is that he disagrees with the disposition of the R&R and the August 2024 Order. See ECF No. 143 at 1–11. The court considered each of Brooks's objections in the August 2024 Order. See ECF No. 140. Brooks neither identifies any objection to the R&R that the court failed to consider in its August 2024 Order, nor does he articulate how the court's consideration of his objections in the August 2024 Order was clearly erroneous. See ECF No. 143. Thus, Brooks has not provided any basis to believe that the court's August 2024 Order was "dead wrong," and his mere disagreements with the court's decision are not proper bases for relief under Rule 59(e). See, e.g., Whaley v. Kudron, 2024 WL 3595408, at *2 (D.S.C. July 30, 2024).

Indeed, the majority of Brooks's motion focuses on the probable cause determination of the R&R and the August 2024 Order. See ECF No. 143 at 5–11. Functionally, Brooks attempts to improperly relitigate the court's probable cause determination. See id. Thus, Brooks is improperly using his Rule 59(e) motion "to ask the [c]ourt to rethink what the [c]ourt had already thought through." Above the Belt, Inc., 99 F.R.D. at 101. Brooks's arguments concerning probable cause fail because Rule 59(e) motions to alter or amend "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); see, e.g., Ackbar v. Connor, 2019

WL 13414255, at *1 (D.S.C. Mar. 12, 2019). Brooks's motion argues matters outside the proper scope of Rule 59 and does not establish—anywhere—that the court erred on the law in the August 2024 Order. See ECF No. 143.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Brooks's motion to alter or amend judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 25, 2025**
**Charleston, South Carolina**